## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

DAVID R. SABIN, *as personal*
*representative of the estate*
*of Gregory Lee Richmond, deceased*,

      Plaintiff,                    Case No. 16-10196
                                     Hon. Thomas L. Ludington
v.                                 Magistrate Judge Patricia T. Morris

ST. HELEN PRIMARY CARE/
McLAREN BAY REGION, *d/b/a*
*Bay Regional Medical Center*,
MID MICHIGAN HEALTH PARK-HOUGHTON
LAKE, *d/b/a Mid Michigan Health*
*Services*, JAMES BASH, D.O.,
THEODORE BASH, D.O., WAYNE
WAHL, M.D., MARY BURKETT, N.P.,
KEVIN DENLINGER, D.O.,
DR. JOHN/JANE DOE *[physician who*
*examined and treated Mr. Richmond on*
*or around February 9, 2011]*, *jointly and*
*severally*,

      Defendants.

_____/

## <u>NOTICE OF REMOVAL</u>

      Defendant Kevin Denlinger, D.O., by his attorneys, Barbara L. McQuade,

United States Attorney for the Eastern District of Michigan, and Theresa Urbanic,

Assistant United States Attorney, provides this notice that the above-captioned case

has been removed to the United States District Court for the Eastern District of

Michigan, respectfully representing as follows:

1.      Dr. Kevin Denlinger is named as a defendant in the civil action, 15-15722469-NH, *David R. Sabin, as personal representative of the estate of Gregory Lee Richmond, deceased, v. St. Helen Primary Care/McLaren Bay Region et al.*, filed in the 34th Circuit Court of the State of Michigan (Roscommon County). Copies of all process, pleadings and orders received by Dr. Denlinger and/or MidMichigan Health Park-Houghton Lake and MidMichigan Health Services, in that action are attached to this Notice of Removal as Exhibit 1.

2.      On or about August 13, 2015, a copy of the complaint was received by MidMichigan Community Health Services.   No trial has yet occurred in the matter. *See* 42 U.S.C. § 233(b); 28 U.S.C. § 2679(d)(2).

3.      The exclusive remedy for a tort claim against an employee of a federally funded health center is through the Federal Tort Claims Act.   42 U.S.C. § 233(a) & (g).

4.      The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) & 2671 *et seq.*, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or

employment.  28 U.S.C. § 2679(b)(1).  The state law medical malpractice claims made by Plaintiff David Sabin, as the personal representative of the estate of Gregory Richmond, in his complaint fall within this provision.

5.      Section 6 of the Federal Employees Liability Reform and Tort Compensation Act provides that upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as the sole federal defendant with respect to that claim.  28 U.S.C. § 2679(d)(2); *see also* 42 U.S.C. § 233(c).  The Attorney General has delegated certification authority to the United States Attorneys.  28 C.F.R. § 15.3(a).  The United States Attorney for the Eastern District of Michigan has re-delegated certification authority to the Chief of the Civil Division.

6.      Elizabeth J. Larin, Chief, Civil Division, Office of the United States Attorney for the Eastern District of Michigan, has certified that at the time of the conduct alleged, Dr. Denlinger was acting within the scope of his employment as an employee of the United States and, more specifically, of a federally funded health center.  *See* 28 U.S.C. § 2671; Exhibit 2.

7.      Upon substitution, the United States becomes, by operation of law, the

sole defendant to Plaintiff's tort claim against Dr. Denlinger in Count VI.  28 U.S.C. § 2679(d)(1); *Osborn v. Haley*, 549 U.S. 225, 229-30 (2007).

8.      Removal of this action is made pursuant to 28 U.S.C. § 1442, because the complaint advances claims against an employee of the United States.  As required under *Mesa v. California*, 489 U.S. 121, 129 (1989), the United States has colorable federal defenses, such as sovereign immunity.

9.      Removal of this action is also made pursuant to 28 U.S.C. § 1441, because tort claims arise under the FTCA.  Thus, the complaint raises a claim that arises under federal law.  *See* 28 U.S.C. § 1331.

10.      Removal of this action is also made pursuant to 28 U.S.C. 2679(d) and 42 U.S.C. § 233(c), based on the Attorney General's designee's certification that Dr. Denlinger was acting in the scope of his employment at the time of the events alleged in the complaint.  *See* Exhibit 2.

11.      Because this case is not removed solely under 28 U.S.C. § 1441(a), the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) does not apply.  *See* 14C Wright, Miller, Cooper & Steinman, Federal Practice and Procedure: Jurisdiction and Related Matters 4th, § 3726 at 267 & n.85 (2009 & 2015 Suppl.).

12.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Dr. Denlinger or his employer, to date, in this action are attached

as Exhibit 1.

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be promptly served on the parties and filed with the clerk of the 34th Judicial Circuit Court (Roscommon County) of the State of Michigan.

WHEREFORE, notice is hereby given that the above-captioned action, now pending in the 34th Judicial Circuit Court (Roscommon County) of the State of Michigan, is being removed forthwith from that state court to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

_s/Theresa Urbanic_
THERESA URBANIC (P68005)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan   48226-3211
Phone:   (313) 226-9778
E-mail:   theresa.urbanic@usdoj.gov

Dated: January 21, 2016

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on **January 21, 2016**, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system.   I further certify that on that same date the foregoing paper was served upon the other parties whose appearances are listed on the complaint, via first class United States mail at the following addresses:

Clerk of the Court
34th Judicial District Court
Roscommon County
500 Lake Street
Roscommon, Michigan 48653-7690

Joel A. Sanfield (P 42968)
Attorney for Plaintiff
McKeen & Associates, P.C.
645 Griswold St., Ste. 4200
Detroit, Michigan   48226-4210

Bruce E. Bigler (P 23656)
Giamarco Mullins & Horton PC
101 W. Big Beaver Rd. Fl. 10
Troy, MI 48084-5253

Molly S. Evans
Feldesman Tucker Leifer Fidell
1129 20th St. NW #400
Washington, DC 20036

*s/Theresa Urbanic*
THERESA URBANIC (P68005)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9778
theresa.urbanic@usdoj.gov

6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

## <u>INDEX OF EXHIBITS</u>

<u>Exhibit</u>        <u>Description</u>

1          Summons and Complaint, Case No.15-15722469-NH

2          Certificate of Scope of Employment

# Exhibit 1

Approved, SCAO

| | | Original – Court | 2nd copy – Plaintiff |
|---|---|---|---|
| | | 1st copy – Defendant | 3rd copy – Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS AND COMPLAINT** | 15-        -NH |
| 34th **JUDICIAL CIRCUIT** | | |
| **COUNTY PROBATE** | | 157224-00 |

Court address                                                                                              Court telephone no.

500 Lake Street, Roscommon, MI 48653                                              (989) 275-4776

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| David R. Sabin, as Personal Representative of the Estate of Gregory Lee Richmond, deceased | v | Kevin Denlinger, D.O. Mid Michigan Health Park-Houghton Lake c/o Legal Affairs/Risk Management Department 9249 W. Lake City Road Houghton Lake, MI 48629 |

Plaintiff's attorney, bar no., address, and telephone no.

Brian J. McKeen (P34126)
Joel A. Sanfield (P42968)
645 Griswold St., Suite 4200
Detroit, MI 48226
313-961-4400

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 6·5·15 | 9.4.15 | S/MICHELLE M. STEVENSON |

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Roscommon County, MI | Roscommon County, MI |

| Place where action arose or business conducted |
|---|
| Roscommon County, MI |

06/05/2015

Date                                                      Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**      MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Serve

Approved, SCAO

| Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>**34th** JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>15-          -NH<br>**1 5 7 2 2 4 6 9** |
|---|---|---|

Court address
500 Lake Street, Roscommon, MI 48653

Court telephone no.
(989) 275-4776

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| David R. Sabin, as Personal Representative of the Estate of Gregory Lee Richmond, deceased | **v** | Mid Michigan Health Park-Houghton Lake, assumed name for, Mid Michigan Health Services<br>c/o James P. Raschke, Resident Agent<br>9249 W. Lake City Road<br>Houghton Lake, MI 48629 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Brian J. McKeen (P34126)<br>Joel A. Sanfield (P42968)<br>645 Griswold St., Suite 4200<br>Detroit, MI 48226<br>313-961-4400 |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>6·5·15 | This summons expires<br>9·4·15 | Court clerk<br>**S/MICHELLE M. STEVENSON** |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Roscommon County, MI | Defendant(s) residence (include city, township, or village)<br>Roscommon County, MI |
|---|---|
| Place where action arose or business conducted<br>Roscommon County, MI | |

06/05/2015
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**Serve**

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
| JUDICIAL DISTRICT | **SUMMONS AND COMPLAINT** | 15- -NH |
| 34th JUDICIAL CIRCUIT | | **1 5 7 2 2 4 6 9** |
| COUNTY PROBATE | | |

**Court address**
500 Lake Street, Roscommon, MI 48653

**Court telephone no.**
(989) 275-4776

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
| David R. Sabin, as Personal Representative of the Estate of Gregory Lee Richmond, deceased | v | Mid Michigan Health Park-Houghton Lake, assumed name for, Mid Michigan Health Services c/o James P. Raschke, Resident Agent 9249 W. Lake City Road Houghton Lake, MI 48629 |

Plaintiff's attorney, bar no., address, and telephone no.
Brian J. McKeen (P34126)
Joel A. Sanfield (P42968)
645 Griswold St., Suite 4200
Detroit, MI 48226
313-961-4400

**SUMMONS** · **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
| 6.5.15 | 9.4.15 | **S/MICHELLE M. STEVENSON** |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| Roscommon County, MI | Roscommon County, MI |
| Place where action arose or business conducted | |
| Roscommon County, MI | |

06/05/2015
**Date**                                   Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), and MCR 3.206(A)

Received 08/11 3/15

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ROSCOMMON

DAVID R. SABIN, as Personal Representative of the
Estate of GREGORY LEE RICHMOND, deceased,

        Plaintiff,

vs.

ST. HELEN PRIMARY CARE/McLAREN
BAY REGION, d/b/a BAY REGIONAL MEDICAL
CENTER, MID MICHIGAN HEALTH PARK-
HOUGHTON LAKE, d/b/a MID MICHIGAN HEALTH
SERVICES, JAMES BASH, D.O., THEODORE
BASH, D.O., WAYNE WAHL, M.D., MARY
BURKETT, N.P., KEVIN DENLINGER, D.O., and
DR. JOHN/JANE DOE [physician who examined
and treated Mr. Richmond on or around February 9, 2011],
Jointly & Severally,

        Defendants.

**15722469**

No. 15-          -NH
Hon.

BRIAN J. McKEEN (P34123)
JOEL A. SANFIELD (P42968)
McKEEN & ASSOCIATES, P.C.
Attorney for Plaintiff
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400

---

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL,

There is no other civil action pending, or previously filed and
dismissed, transferred, or otherwise disposed of arising out of the
transaction or occurrence alleged in the complaint.

_____
BRIAN J. McKEEN (P34123)

NOW COMES Plaintiff, David R. Sabin, as Personal Representative of the Estate of

Gregory Lee Richmond, deceased, by and through his attorneys, McKeen & Associates, P.C.,

and for his Complaint and Demand for Jury Trial hereby states the following:

- 1 -

1.    The amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars, excluding costs, interest and attorney fees and is otherwise within the jurisdiction of this court.

2.    The cause of action arose in the County of Roscommon, State of Michigan.

3.    That Plaintiff, David R. Sabin, and the deceased, Gregory Lee Richmond, were at all times relevant residents of the County of Crawford, State of Michigan.

4.    Defendant James Bash, D.O. was at all times relevant hereto a licensed and practicing physician, board certified and specializing in Family Medicine, conducting business in the County of Roscommon, State of Michigan.

5.    Defendant Theodore Bash, D.O. was at all times relevant hereto a licensed and practicing physician, board certified and specializing in Family Medicine, conducting business in the County of Roscommon, State of Michigan.

6.    Defendant Wayne Wahl, M.D. was at all times relevant hereto a licensed and practicing physician, board certified and specializing in Family Medicine, conducting business in the County of Roscommon, State of Michigan.

7.    Defendant Mary Burkett, N.P. was at all times relevant hereto a licensed Nurse Practitioner, conducting business in the County of Roscommon, State of Michigan.

8.    Defendant Dr. John/Jane Doe was at all times relevant hereto a licensed and practicing physician, conducting business in the County of Roscommon, State of Michigan.

9.    Defendant Kevin Denlinger, D.O. was at all times relevant hereto a licensed and practicing physician, board certified and specializing in Family Medicine, conducting business in the County of Roscommon, State of Michigan.

10.    Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center was at all times relevant hereto a health institution conducting business in the Counties of Roscommon and Bay, State of Michigan.

11.    Defendant Mid-Michigan Health Park-Houghton Lake, d/b/a Mid-Michigan Health Services, was at all times relevant hereto a health institution conducting business in the County of Roscommon, State of Michigan.

McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 961-4400

12.     Gregory Richmond, a 46 year old man, presented to Primary Care St. Helen/McLaren Bay Region, assumed name for, Bay Regional Medical Center (hereafter referred to as Primary Care St. Helen), on or around February 9, 2011. Mr. Richmond had a medical history including high cholesterol, kidney stones, and anxiety. In addition to his medical history, his mother and brother died from MI [myocardial infarction/heart attack]. He came home early that day due to severe pain shooting through his back and down his left arm.

13.     Based on information available, and current belief, Gregory Richmond was seen at Primary Care St. Helen on or around February 9, 2011 by the following Defendants: James Bash, D.O. and/or Theodore Bash D.O., and/or Wayne Wahl, M.D., and/or Mary Burkett, N.P., and/or Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011]. The aforementioned Defendants were informed and aware of Mr. Richmond's severe back and left arm pain, as well as his hypercholesterolemia, and family history of heart attack. Despite this, the Defendants did not perform a thorough cardiac workup and/or transfer Mr. Richmond to the hospital for further investigation and treatment. Mr. Richmond underwent only one EKG, which was inconclusive and non-diagnostic for angina or early heart attack.

14.     The Defendants misdiagnosed Mr. Gregory with muscle spasms, gave him a prescription for muscle relaxers, and sent him home.

15.     In light of the severe pain shooting through his back and down his left arm (classic heart attack and/or angina symptoms), Mr. Richmond required a thorough workup, including but not necessarily limited to; stress testing, serial EKGs, lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin, and transfer to the hospital for ongoing cardiac monitoring, observation and/or cardiac catheterization.

16.     Over the following few weeks, Gregory Richmond suffered several additional episodes of back and left arm pain. Since he was told by the Defendants at Primary Care St. Helen, believed to include James Bash, D.O., and/or Theodore Bash D.O., and/or Wayne Wahl, M.D., and/or Mary Burkett, N.P., and/or Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011], that the pain was muscular, he took his

- 3 -

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

muscle relaxers as prescribed and did not suspect that his pain may have had a cardiogenic source.

17.     On February 26, 2011, Mr. Richmond sat down on his couch at home and lost consciousness. A family member discovered him, called 911, and performed CPR. EMS arrived at his home at or about 10:41 P.M. According to the EMS run sheet, Mr. Richmond was in asystole, cyanotic, and unresponsive. He remained in asystole despite CPR and ACLS protocol. Mr. Richmond was transported to West Branch Hospital via EMS, where he was pronounced dead on arrival. The cause of death, as stated on the death certificate, was acute myocardial infarct.

18.     Based on information currently available, and belief, Gregory Richmond was under the primary care of Kevin Denlinger, D.O. at Mid-Michigan Health Park-Houghton Lake, assumed name for Mid-Michigan Health Services.

19.     Over the preceding months and years before Mr. Richmond's heart attack, Dr. Denlinger failed to provide a thorough cardiac workup and preventive care, including but not necessarily limited to; regular EKGs, cholesterol monitoring and treatment to maintain a healthy level, stress testing, a cardiac ECHO, and timely catheterization and/or stenting and/or coronary artery bypass grafting for coronary artery disease. As a result, Mr. Richmond's cardiac compromise went undiagnosed and untreated, resulting in heart attack and tragic death on February 26, 2011.

20.     Due to the unavailability of additional, more specific information in the partially illegible, and presumably incomplete medical records provided, it is not possible to otherwise recite what occurred in this situation beyond the statements already made. To the extent that the prospective Defendants have, or know of, pertinent information, claimant hereby demands copies of all records, documents, or a written memorandum reflecting that information. Failure to supply it will otherwise be considered intentional withholding of evidence.

## COUNT I: MEDICAL NEGLIGENCE OF JAMES BASH, D.O.

21.    Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

22.    Defendant James Bash, D.O. was negligent, inter alia, in the following particulars, in that a licensed and practicing physician, board certified and specializing in Family Medicine, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

a.  Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

b.  Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c.  Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d.  Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e.  Inform Mr. Richmond that he might be having symptoms of a heart attack and the associated risks.

McKeen & Associates, P.C.  ●  645 Griswold Street, Suite 4200  ●  Detroit, MI 48226  ●  (313) 961-4400

- 5 -

23.     Defendant James Bash, D.O. did none of these things, and such acts or omissions constitute professional negligence for which Defendant James Bash, D.O. is directly liable to Plaintiff.

24.     At all times relevant hereto, Defendant James Bash, D.O. was an employee, agent, servant, or ostensible agent of Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center; therefore, Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, is vicariously liable for the negligence of Defendant James Bash, D.O. pursuant to the Doctrine of Respondeat Superior and ostensible agency.

25.     That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

26.     Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

27.     As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorneys fees, as well as all other damages allowed under Michigan Law.

- 6 -

## COUNT II: MEDICAL NEGLIGENCE OF THEODORE BASH, D.O.

28.     Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

29.     Defendant Theodore Bash, D.O. was negligent, inter alia, in the following particulars, in that a licensed and practicing physician, board certified and specializing in Family Medicine, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

a.  Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

b.  Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c.  Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d.  Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e.  Inform Mr. Richmond that he might be having a heart attack and the associated risks.

McKeen & Associates, P.C.  ●  645 Griswold Street, Suite 4200  ●  Detroit, MI 48226  ●  (313) 961-4400

- 7 -

30.     Defendant Theodore Bash, D.O. did none of these things, and such acts or omissions constitute professional negligence for which Defendant Theodore Bash, D.O. is directly liable to Plaintiff.

31.     At all times relevant hereto, Defendant Theodore Bash, D.O. was an employee, agent, servant, or ostensible agent of Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center; therefore, Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, is vicariously liable for the negligence of Defendant Theodore Bash, D.O. pursuant to the Doctrine of Respondeat Superior and ostensible agency.

32.     That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

33.     Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

34.     As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorneys fees, as well as all other damages allowed under Michigan Law.

## COUNT III: MEDICAL NEGLIGENCE OF WAYNE WAHL, M.D.

35. Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

36. Defendant Wayne Wahl, M.D. was negligent, inter alia, in the following particulars, in that a licensed and practicing physician, board certified and specializing in Family Medicine, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

<div style="padding-left:2em">

a. Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

b. Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c. Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d. Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e. Inform Mr. Richmond that he might be having a heart attack and the associated risks.

</div>

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

- 9 -

37.     Defendant Wayne Wahl, M.D. did none of these things, and such acts or omissions constitute professional negligence for which Defendant Wayne Wahl, M.D. is directly liable to Plaintiff.

38.     At all times relevant hereto, Defendant Wayne Wahl, M.D. was an employee, agent, servant, or ostensible agent of Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center; therefore, Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, is vicariously liable for the negligence of Defendant Wayne Wahl, M.D. pursuant to the Doctrine of Respondeat Superior and ostensible agency.

39.     That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

40.     Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

41.     As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorneys fees, as well as all other damages allowed under Michigan Law.

McKeen & Associates, P.C.   ●   645 Griswold Street, Suite 4200   ●   Detroit, MI 48226   ●   (313) 961-4400

- 10 -

## COUNT IV: MEDICAL NEGLIGENCE OF MARY BURKETT, N.P.

42.     Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

43.     Defendant Mary Burkett, N.P. was negligent, inter alia, in the following particulars, in that a licensed Nurse Practitioner, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

        a.  Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to:  stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

        b.  Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

        c.  Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

        d.  Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

        e.  Inform Mr. Richmond that he might be having a heart attack and the associated risks.

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

- 11 -

44.     Defendant Mary Burkett, N.P. did none of these things, and such acts or omissions constitute professional negligence for which Defendant Mary Burkett, N.P. is directly liable to Plaintiff.

45.     At all times relevant hereto, Defendant Mary Burkett, N.P. was an employee, agent, servant, or ostensible agent of Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center; therefore, Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, is vicariously liable for the negligence of Defendant Mary Burkett, N.P. pursuant to the Doctrine of Respondeat Superior and ostensible agency.

46.     That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

47.     Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

48.     As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorneys fees, as well as all other damages allowed under Michigan Law.

## COUNT V: MEDICAL NEGLIGENCE OF DR. JOHN/JANE DOE [PHYSICIAN WHO EXAMINED AND TREATED MR. RICHMOND ON OR AROUND FEBRUARY 9, 2011]

McKeen & Associates, P.C.   •   645 Griswold Street, Suite 4200   •   Detroit, MI 48226   •   (313) 961-4400

49.     Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

50.     Defendant Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011], was negligent, inter alia, in the following particulars, in that a licensed and practicing physician, board certified and specializing in Family Medicine, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

a.   Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology.  The appropriate workup includes, but is not necessarily limited to:  stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

b.   Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c.   Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d.   Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e.   Inform Mr. Richmond that he might be having a heart attack and the associated risks.

- 13 -

51.    Defendant Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011] did none of these things, and such acts or omissions constitute professional negligence for which Defendant Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011] is directly liable to Plaintiff.

52.    At all times relevant hereto, Defendant Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011] was an employee, agent, servant, or ostensible agent of Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center; therefore, Defendant Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, is vicariously liable for the negligence of Defendant Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011] pursuant to the Doctrine of Respondeat Superior and ostensible agency.

53.    That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

54.    Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

55.    As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorneys fees, as well as all other damages allowed under Michigan Law.

McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 961-4400

## COUNT VI: MEDICAL NEGLIGENCE OF KEVIN DENLINGER, D.O.

56.     Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

57.     Defendant Kevin Denlinger, D.O. was negligent, inter alia, in the following particulars, in that a licensed and practicing physician, board certified and specializing in Family Medicine, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

   a. Competently managing Mr. Richmond's cardiac care needs and risk factors and providing standard preventative care during the years and months preceding his cardiac arrest and death in February 2011, including but not necessarily limited to; obtaining thorough cardiac workups, regular EKGs, stress testing, cardiac ECHO, and timely catheterization and/or stenting and/or coronary artery bypass grafting to treat coronary artery disease.

   b. Maintaining healthy cholesterol and triglyceride levels by educating Mr. Richmond on nutritional modifications, ordering and following up on regular laboratory studies including lipid levels, and treating with statins or other cholesterol lowering medications.

   c. Adequately informing Mr. Richmond of his cardiac risk factors and the significance of same to his overall health and life expectancy

   d. Adequately inform Mr. Richmond of any necessary risk modification behaviors that might reduce his cardiac risk factors.

58.     Defendant Kevin Denlinger, D.O. did none of these things, and such acts or omissions constitute professional negligence for which Defendant Kevin Denlinger, D.O. is directly liable to Plaintiff.

59.     At all times relevant hereto, Defendant Kevin Denlinger, D.O. was an employee, agent, servant, or ostensible agent of Defendant Mid-Michigan Health Park-Houghton Lake,

- 15 -

McKeen & Associates, P.C.   •   645 Griswold Street, Suite 4200   •   Detroit, MI 48226   •   (313) 961-4400

d/b/a Mid-Michigan Health Services; therefore, Defendant Mid-Michigan Health Park-Houghton Lake, d/b/a Mid-Michigan Health Services, is vicariously liable for the negligence of Defendant Kevin Denlinger, D.O. pursuant to the Doctrine of Respondeat Superior and ostensible agency.

60.     That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

61.     Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

62.     As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorneys fees, as well as all other damages allowed under Michigan Law.

### COUNT VII: MEDICAL NEGLIGENCE OF ST. HELEN PRIMARY CARE/MCLAREN BAY REGION, d/b/a/ BAY REGIONAL MEDICAL CENTER

63.     Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

64.     Defendant St. Helen Primary Care/McLaren Bay Region, d/b/a Bay Regional Medical Center, was negligent, inter alia, in the following particulars, in that a licensed and accredited health care facility, through its agents, actual, and/or ostensible, servants, and/or employees, including, but not limited to, James Bash, D.O., Theodore Bash, D.O., Wayne Wahl,

McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 961-4400

- 16 -

M.D., Mary Burkett, N.P., and Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011], when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to:

        a.  Select, employ, train and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

        b.  Ensure that appropriate policies and procedures are adopted and followed;

        c.  Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

        d.  Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

        e.  Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

        f.  Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

      65.    That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure

- 17 -

McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 961-4400

to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

66.    Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

67.    As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorneys fees, as well as all other damages allowed under Michigan Law.

## COUNT VIII: MEDICAL NEGLIGENCE OF MID MICHIGAN HEALTH PARK-HOUGHTON LAKE, d/b/a/ MID MICHIGAN HEALTH SERVICES

68.    Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

69.    Defendant Mid-Michigan Health Park-Houghton Lake, d/b/a Mid-Michigan Health Services, was negligent, inter alia, in the following particulars, in that a licensed and accredited health care facility, through its agents, actual, and/or ostensible, servants, and/or employees, including, but not limited to, Kevin Denlinger, D.O., when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to:

        a.  Select, employ, train and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to

McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 981-4400

- 18 -

ensure they were competent to perform adequate medical care for a patient;

b. Ensure that appropriate policies and procedures are adopted and followed;

c. Competently managing Mr. Richmond's cardiac care needs and providing standard preventative care during the years and months preceding his cardiac arrest and death in February 2011, including but not necessarily limited to; obtaining thorough cardiac workups, regular EKGs, stress testing, cardiac ECHO, and timely catheterization and/or stenting and/or coronary artery bypass grafting to treat coronary artery disease.

d. Maintaining healthy cholesterol and triglyceride levels by educating Mr. Richmond on nutritional modifications, ordering and following up on regular laboratory studies including lipid levels, and treating with statins or other cholesterol lowering medications.

70.     That as the direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

71.     Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

72.     As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Twenty-Five Thousand [$25,000.00]

McKeen & Associates, P.C.   ●   645 Griswold Street, Suite 4200   ●   Detroit, MI 48226   ●   (313) 961-4400

- 19 -

dollars that Plaintiff is found to be entitled to, together with costs, interest and attorney's fees, as well as all other damages allowed under Michigan Law.

Respectfully Submitted:

McKEEN & ASSOCIATES, P.C.

BRIAN J. McKEEN (P34123)
JOEL A. SANFIELD (P42968)
Attorneys for Plaintiff
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400

DATED: June _____, 2015

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

- 20 -

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF ROSCOMMON

DAVID R. SABIN, as Personal Representative of the
Estate of GREGORY LEE RICHMOND, deceased,

        Plaintiff,

vs.                                    No. 15-          -NH
                                         Hon.

ST. HELEN PRIMARY CARE/McLAREN
BAY REGION, d/b/a BAY REGIONAL MEDICAL
CENTER, MID MICHIGAN HEALTH PARK-
HOUGHTON LAKE, d/b/a MID MICHIGAN HEALTH
SERVICES, JAMES BASH, D.O., THEODORE
BASH, D.O., WAYNE WAHL, M.D., MARY
BURKETT, N.P., KEVIN DENLINGER, D.O., and
DR. JOHN/JANE DOE [physician who examined
and treated Mr. Richmond on or around February 9, 2011],
Jointly & Severally,

Defendants.

---

BRIAN J. McKEEN (P34123)
JOEL A. SANFIELD (P42968)
McKEEN & ASSOCIATES, P.C.
Attorney for Plaintiff
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400

*McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 961-4400*

---

## **DEMAND FOR JURY TRIAL**

        NOW COMES Plaintiff, David R. Sabin, as Personal Representative of the Estate of Gregory Lee Richmond, deceased, by and through his attorneys, McKeen & Associates, P.C., and hereby demands a trial by jury in the above entitled cause of action.

Respectfully Submitted:

McKEEN & ASSOCIATES, P.C.

BRIAN J. McKEEN (P34123)
JOEL A. SANFIELD (P42968)
Attorneys for Plaintiff
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400

DATED: June _____, 2015

Re:   **Gregory Lee Richmond, deceased**

## <u>AFFIDAVIT OF MERITORIOUS CLAIM OF KIRSTEN TURKINGTON, NP</u>

STATE OF ARIZONA            )
                                            )ss.
COUNTY OF MARICOPA     )

I, Kirsten Turkington, N.P., by this Affidavit, state that during the relevant time period at issue in this matter, I was a licensed Nurse Practitioner, specializing in, and devoting a majority of my professional time for the preceding year to the clinical work of a Nurse Practitioner and I attest to the following:

1.      I have read the Notice of Intent to File a Claim in this action.

2.      I have reviewed all of the medical records provided to me by Plaintiff's Counsel.

3.      Mary Burkett, N.P., as a licensed Nurse Practitioner, and as an agent and/or employee of Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

   a. Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as TROPONIN, CPK, CPK-MB, and Myoglobin.

   b. Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not

*McKeen & Associates, P.C.   ●   645 Griswold Street, Suite 4200   ●   Detroit, MI 48226   ●   (313) 961-4400*

necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c. Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d. Refrain from sending Mr. Richmond home or dismissing him on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e. Inform Mr. Richmond that he might be having a heart attack and the associated risks.

4. St. Helen Primary Care/McLaren Bay Region, d/b/a Bay Regional Medical Center, a duly accredited and licensed health care institution which holds itself out to the public as being competent of rendering medical services, by and through their agents, actual and/or ostensible, servants and/or employees, including but not limited to, Mary Burkett, N.P., when confronted with a patient with the signs and symptoms such as those demonstrated by Gregory Lee Richmond, owed a duty to:

a. Select, employ, train and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

b. Ensure that appropriate policies and procedures are adopted and followed;

c. Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress

testing, serial EKGs, and lab work including cardiac enzymes such as TROPONIN, CPK, CPK-MB, and Myoglobin.

d.  Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

e.  Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

f.  Refrain from sending Mr. Richmond home or dismissing him on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

5.      It is my opinion, based upon the available information, as well as my training knowledge, education and experience as a Nurse Practitioner, there was a failure to do those acts listed above, and such omissions constitute violations of the applicable standard of care.

6.      In order to have conformed to the standard of care, the above-named should have done those things listed in paragraphs 3, 4, and the respective subsections above.

7.      As a direct and proximate result of one or more of the violations of the standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain (including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued myocardial death and fatal heart attack on February 26, 2011.

McKeen & Associates, P.C.   •   645 Griswold Street, Suite 4200   •   Detroit, MI 48226   •   (313) 961-4400

3

8.     Were it not for the aforementioned breaches in the standards of practice, more likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26, 2011 resulting in death.

9.     This opinion is based upon a review of the information to date and may or may not change upon review of additional materials.

Kirsten Turkington, NP

Subscribed and sworn to before me on
this **29** day of **May**, 2015

**Dora S. Henry** [Name]
Notary Public **Maricopa** [County]
My Commission Expires: **July 31, 2018**

*[Notary seal: DORA S. HENRY, NOTARY PUBLIC, MARICOPA COUNTY, ARIZONA, COM. EXP. 07-31-2018]*

McKeen & Associates, P.C. • 645 Griswold Street, Suite 4200 • Detroit, MI 48226 • (313) 961-4400

4

Re:    **Gregory Lee Richmond, deceased**

### AFFIDAVIT OF MERITORIOUS CLAIM OF FINLEY W. BROWN, JR., M.D.

STATE OF ILLINOIS       )
                          )ss.
COUNTY OF COOK       )

      I, Finley W. Brown, Jr., M.D., by this Affidavit, state that during the relevant time period at issue in this matter, I was a licensed and practicing physician, specializing in, and devoting a majority of my professional time for the preceding year to, the clinical practice of Family Medicine, and I attest to the following:

      1.      I have read the Notice of Intent to File a Claim in this action.

      2.      I have reviewed all of the medical records provided to me by Plaintiff's Counsel.

      3.      James Bash, D.O., a reasonable and prudent licensed and practicing physician, specializing in Family Medicine, and an agent and/or employee of Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

      a.   Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

      b.   Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

back and left arm pain on or around February 9, 2011, including but not

necessarily limited to; transferring him to the hospital for ongoing cardiac

monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c.  Timely re-vascularizing Mr. Richmond's myocardium via cardiac

catheterization and stenting, or coronary artery bypass grafting on or

around February 9, 2011.

d.  Refrain from sending Mr. Richmond home on February 9, 2011 with

symptoms of cardiac compromise, angina, and/or evolving myocardial

infarction.

e.  Inform Mr. Richmond that he might be having symptoms of a heart attack

and the associated risks.

4.      Theodore Bash, D.O., a reasonable and prudent licensed and practicing physician,

specializing in Family Medicine, and an agent and/or employee of Primary Care St.

Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, when presented with a patient

exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee

Richmond, had a duty to timely and properly:

a.  Exercising skill and caution when examining and treating Mr. Richmond

when he presented on or around February 9, 2011 with back and left arm

pain, by considering and working him up for a cardiac etiology.  The

appropriate workup includes, but is not necessarily limited to:  stress

testing, serial EKGs, and lab work including cardiac enzymes such as

CPK, CPK-MB, and Myoglobin.

b.  Timely diagnosing and treating the cardiac etiology (angina, coronary

artery disease, and/or evolving myocardial infarction) of Mr. Richmond's

back and left arm pain on or around February 9, 2011, including but not

McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 961-4400

necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c. Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d. Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e. Inform Mr. Richmond that he might be having symptoms of a heart attack and the associated risks.

5.      Wayne Wahl, M.D., a reasonable and prudent licensed and practicing physician, specializing in Family Medicine, and an agent and/or employee of Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

a. Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

b. Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

- 3 -

necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c.  Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d.  Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e.  Inform Mr. Richmond that he might be having symptoms of a heart attack and the associated risks.

6.  Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011], a reasonable and prudent licensed and practicing physician, specializing in Family Medicine, and an agent and/or employee of Primary Care St. Helen/McLaren Bay Region, d/b/a Bay Regional Medical Center, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

a.  Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

b.  Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not

McKeen & Associates, P.C.  ●  645 Griswold Street, Suite 4200  ●  Detroit, MI 48226  ●  (313) 961-4400

- 4 -

necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

c. Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

d. Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

e. Inform Mr. Richmond that he might be having symptoms of a heart attack and the associated risks.

7. Kevin Denlinger, D.O., a reasonable and prudent licensed and practicing physician, specializing in Family Medicine, and an agent and/or employee of Mid-Michigan Health Park-Houghton Lake, d/b/a Mid-Michigan Health Services, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Gregory Lee Richmond, had a duty to timely and properly:

a. Competently managing Mr. Richmond's cardiac care needs and risk factors and providing standard preventative care during the years and months preceding his cardiac arrest and death in February 2011, including but not necessarily limited to; obtaining thorough cardiac workups, regular EKGs, stress testing, cardiac ECHO, and timely catheterization and/or stenting and/or coronary artery bypass grafting to treat coronary artery disease.

b. Maintaining healthy cholesterol and triglyceride levels by educating Mr. Richmond on nutritional modifications, ordering and following up on

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 981-4400

- 5 -

regular laboratory studies including lipid levels, and treating with statins or other cholesterol lowering medications.

   c.  Adequately informing Mr. Richmond of his cardiac risk factors and the significance of same to his overall health and life expectancy

   d.  Adequately inform Mr. Richmond of any necessary risk modification behaviors that might reduce his cardiac risk factors.

8.    St. Helen Primary Care/McLaren Bay Region, d/b/a Bay Regional Medical Center, a duly accredited and licensed health care institution, by and through their agents, actual and/or ostensible, servants and/or employees, including but not limited to, James Bash, D.O., Theodore Bash, D.O., Wayne Wahl, M.D., and Dr. John/Jane Doe [physician who examined and treated Mr. Richmond on or around February 9, 2011], which holds itself out to the public as being competent of rendering medical services, when confronted with a patient with the signs and symptoms such as those demonstrated by Gregory Lee Richmond, owed a duty to:

   a.  Select, employ, train and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

   b.  Ensure that appropriate policies and procedures are adopted and followed;

   c.  Exercising skill and caution when examining and treating Mr. Richmond when he presented on or around February 9, 2011 with back and left arm pain, by considering and working him up for a cardiac etiology. The appropriate workup includes, but is not necessarily limited to: stress testing, serial EKGs, and lab work including cardiac enzymes such as CPK, CPK-MB, and Myoglobin.

McKeen & Associates, P.C.   ●   645 Griswold Street, Suite 4200   ●   Detroit, MI 48226   ●   (313) 961-4400

d. Timely diagnosing and treating the cardiac etiology (angina, coronary artery disease, and/or evolving myocardial infarction) of Mr. Richmond's back and left arm pain on or around February 9, 2011, including but not necessarily limited to; transferring him to the hospital for ongoing cardiac monitoring, serial cardiac enzymes and EKGs, and cardiac catheterization.

e. Timely re-vascularizing Mr. Richmond's myocardium via cardiac catheterization and stenting, or coronary artery bypass grafting on or around February 9, 2011.

f. Refrain from sending Mr. Richmond home on February 9, 2011 with symptoms of cardiac compromise, angina, and/or evolving myocardial infarction.

9.      Mid-Michigan Health Park-Houghton Lake, d/b/a Mid-Michigan Health Services, a duly accredited and licensed health care institution, by and through their agents, actual and/or ostensible, servants and/or employees, including but not limited to, Kevin Denlinger, D.O., which holds itself out to the public as being competent of rendering medical services, when confronted with a patient with the signs and symptoms such as those demonstrated by Gregory Lee Richmond, owed a duty to:

a. Select, employ, train and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

b. Ensure that appropriate policies and procedures are adopted and followed;

c. Competently managing Mr. Richmond's cardiac care needs and providing standard preventative care during the years and months preceding his cardiac arrest and death in February 2011, including but not necessarily

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

limited to; obtaining thorough cardiac workups, regular EKGs, stress

testing, cardiac ECHO, and timely catheterization and/or stenting and/or

coronary artery bypass grafting to treat coronary artery disease.

d. Maintaining healthy cholesterol and triglyceride levels by educating Mr.

Richmond on nutritional modifications, ordering and following up on

regular laboratory studies including lipid levels, and treating with statins

or other cholesterol lowering medications.

10.     It is my opinion, based upon the available information, as well as my training

knowledge, education and experience in Family Medicine, that there was a failure to do those

acts listed above, and such omissions constitute violations of the applicable standard of care.

11.     In order to have conformed to the standard of care, the above-named should have

done those things listed in paragraphs 3, 4, 5, 6, 7, 8, 9, and the respective subsections above.

12.     That as the direct and proximate result of one or more of the violations of the

standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure

to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain

(including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the

time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued

myocardial death and fatal heart attack on February 26, 2011.

13.     Were it not for the aforementioned breaches in the standards of practice, more

likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26,

2011 resulting in death.

14.     This opinion is based upon a review of the information to date and may or may

not change upon review of additional materials.

McKeen & Associates, P.C.  ◆  645 Griswold Street, Suite 4200  ◆  Detroit, MI 48226  ◆  (313) 961-4400

limited to; obtaining thorough cardiac workups, regular EKGs, stress

testing, cardiac ECHO, and timely catheterization and/or stenting and/or

coronary artery bypass grafting to treat coronary artery disease.

d. Maintaining healthy cholesterol and triglyceride levels by educating Mr.

Richmond on nutritional modifications, ordering and following up on

regular laboratory studies including lipid levels, and treating with statins

or other cholesterol lowering medications.

10.    It is my opinion, based upon the available information, as well as my training

knowledge, education and experience in Family Medicine, that there was a failure to do those

acts listed above, and such omissions constitute violations of the applicable standard of care.

11.    In order to have conformed to the standard of care, the above-named should have

done those things listed in paragraphs 3, 4, 5, 6, 7, 8, 9, and the respective subsections above.

12.    That as the direct and proximate result of one or more of the violations of the

standards of practice as hereinbefore alleged, including but not necessarily limited to; the failure

to timely diagnose and treat the cardiac etiology of Gregory Richmond's back and left arm pain

(including angina, coronary artery disease, myocardial ischemia, and evolving heart attack) at the

time of clinic presentation on or around February 9, 2011, Mr. Richmond suffered continued

myocardial death and fatal heart attack on February 26, 2011.

13.    Were it not for the aforementioned breaches in the standards of practice, more

likely than not, Gregory Richmond would not have suffered the cardiac arrest on February 26,

2011 resulting in death.

14.    This opinion is based upon a review of the information to date and may or may

not change upon review of additional materials.

McKeen & Associates, P.C.  •  645 Griswold Street, Suite 4200  •  Detroit, MI 48226  •  (313) 961-4400

SCANNED

Finley W. Brown, Jr., M.D.

Subscribed and sworn to before me on
this _16TH_ day of _MArch_, 2015

_____ [Name]
Notary Public    CooK    [County]
My Commission Expires: august  29  2016

MIRIAM J. GONZALES
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
August 29, 2016

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

| STATE OF MICHIGAN 34TH JUDICIAL CIRCUIT | NOTICE TO APPEAR | CASE NO. 15-722469-NH |
|---|---|---|

Court Address
ROSCOMMON COUNTY
500 LAKE STREET
ROSCOMMON MI   48653

Court Telephone No.
989-275-1902

Mailing Date: 12/30/15

Mail To:
MID MICHIGAN HEALTH SVCS
RES-JAMES P RASCHKE
9249 W LAKE CITY ROAD
HOUGHTON LAKE MI   48629

**YOU ARE DIRECTED TO APPEAR AT:**

The court address above,
ROSCOMMON COUNTY CIRCUIT COURTROOM

HON. ROBERT W. BENNETT

| Plaintiff | | Defendant |
|---|---|---|
| GREGORY LEE ESTATE RICHMOND | V | ST HELEN PRIMARY CARE |

**FOR THE FOLLOWING PURPOSE:**

1. ON  - MONDAY          DATE - FEBRUARY  1, 2016          TIME -  1:30PM
   FOR STATUS CONFERENCE

**THIS NOTICE HAS ALSO BEEN SENT TO:**
BRIAN J. MCKEEN   P34123
BRUCE E. BIGLER   P23656
MID MICHIGAN HEALTH PARK
MID MICHIGAN HEALTH PARK
KEVIN DENLINGER DO

FAILURE OF THE PLAINTIFF/DEFENDANT TO APPEAR may result in a dismissal of the case or cause a default judgment to be entered.

| STATE OF MICHIGAN 34TH JUDICIAL CIRCUIT | NOTICE TO APPEAR | CASE NO. 15-722469-NH |
|---|---|---|

Court Address
ROSCOMMON COUNTY
500 LAKE STREET
ROSCOMMON MI  48653

Court Telephone No.
989-275-1902

Mailing Date: 12/30/15

Mail To:
MID MICHIGAN HEALTH PARK
DBA-MID MICHIGAN HEALTH SVCS
C/O JAMES P RASCHKE
9249 W LAKE CITY ROAD
HOUGHTON LAKE MI  48629

**YOU ARE DIRECTED TO APPEAR AT:**

The court address above,
ROSCOMMON COUNTY CIRCUIT COURTROOM

HON. ROBERT W. BENNETT

| Plaintiff | | Defendant |
|---|---|---|
| GREGORY LEE ESTATE RICHMOND | v | ST HELEN PRIMARY CARE |

**FOR THE FOLLOWING PURPOSE:**

1. ON  - MONDAY          DATE - FEBRUARY  1, 2016          TIME -  1:30PM
   FOR STATUS CONFERENCE

**THIS NOTICE HAS ALSO BEEN SENT TO:**
BRIAN J. MCKEEN   P34123
BRUCE E. BIGLER   P23656
MID MICHIGAN HEALTH PARK
MID MICHIGAN HEALTH SVCS
KEVIN DENLINGER DO

FAILURE OF THE PLAINTIFF/DEFENDANT TO APPEAR may result in a dismissal of the case or cause a default judgment to be entered.

| STATE OF MICHIGAN 34TH JUDICIAL CIRCUIT | NOTICE TO APPEAR | CASE NO. 15-722469-NH |
|---|---|---|

Court Address
ROSCOMMON COUNTY
500 LAKE STREET
ROSCOMMON MI   48653

Court Telephone No.
989-275-1902

Mailing Date: 12/30/15

Mail To:
MID MICHIGAN HEALTH PARK
C/O-LEGAL AFFAIRS
9249 W LAKE CITY ROAD
HOUGHTON LAKE MI   48629

**YOU ARE DIRECTED TO APPEAR AT:**

The court address above,
ROSCOMMON COUNTY CIRCUIT COURTROOM

HON. ROBERT W. BENNETT

| Plaintiff GREGORY LEE ESTATE RICHMOND | V | Defendant ST HELEN PRIMARY CARE |
|---|---|---|

**FOR THE FOLLOWING PURPOSE:**

1. ON  - MONDAY          DATE - FEBRUARY  1, 2016       TIME -  1:30PM
   FOR STATUS CONFERENCE

**THIS NOTICE HAS ALSO BEEN SENT TO:**
BRIAN J. MCKEEN   P34123
BRUCE E. BIGLER   P23656
MID MICHIGAN HEALTH PARK
MID MICHIGAN HEALTH SVCS
KEVIN DENLINGER DO

FAILURE OF THE PLAINTIFF/DEFENDANT TO APPEAR may result in a dismissal of the case or cause a default judgment to be entered.

Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID R. SABIN, *as personal*
*representative of the estate*
*of Gregory Lee Richmond, deceased*,

      Plaintiff,

v.

ST. HELEN PRIMARY CARE/
McLAREN BAY REGION, *d/b/a*
*Bay Regional Medical Center*,
MID MICHIGAN HEALTH PARK-HOUGHTON
LAKE, *d/b/a Mid Michigan Health*
*Services*, JAMES BASH, D.O.,
THEODORE BASH, D.O., WAYNE
WAHL, M.D., MARY BURKETT, N.P.,
KEVIN DENLINGER, D.O.,
DR. JOHN/JANE DOE, *jointly and*
*severally*,

      Defendants.

Case No. _____
Hon. Thomas L. Ludington
Magistrate Judge Patricia T. Morris

_____/

## CERTIFICATE OF SCOPE OF EMPLOYMENT

Pursuant to 28 U.S.C. § 2679, as amended by Public Law 100-694, pursuant

to 42 U.S.C. § 233, and by virtue of the authority vested in the United States

Attorney for the Eastern District of Michigan by the Attorney General under 28

U.S.C. § 510 and 28 C.F.R. § 15.3, and re-delegated to me by the administrative directive of the United States Attorney, I hereby certify that:

1.  I have read the complaint in this action.

2.  On the basis of the information now available with respect to the allegations made in the complaint, and pursuant to 28 U.S.C. § 2671 and 42 U.S.C. § 233(c), I find that Dr. Kenneth Denlinger, in his official capacity as an employee of a federally funded health center at all relevant times, was acting within the course and scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint.

BARBARA L. McQUADE
United States Attorney

ELIZABETH J. LARIN
Chief, Civil Division
Office of the U.S. Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9782

Date: January 20, 2016

2